UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARWIN R.,

                Plaintiff,

        -v-                    3:23-CV-814 (DNH/TWD)

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

## ORDER ON MOTION FOR ATTORNEY'S FEES

On July 6, 2023, plaintiff Darwin R.[1] ("plaintiff") filed this action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act (the "Act"). Dkt. No. 1. After briefing, the parties stipulated to a sentence-four remand for further administrative proceedings. Dkt. No. 16. This Court so-ordered the stipulation, Dkt. No. 17, and judgment was entered on March 21, 2024, Dkt. No. 18.

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

Thereafter, the parties stipulated that plaintiff was entitled to an award of attorney's fees as a "prevailing party" under the Equal Access to Justice Act ("EAJA"), which shifts litigation fees to a government defendant under certain circumstances. Dkt. No. 19. Plaintiff received $7,200.00 in EAJA fees. Dkt. No. 20. On remand to the Commissioner, plaintiff was administratively awarded benefits. Dkt. No. 21-2 ¶¶ 10, 13.

On July 9, 2026, plaintiff moved for a further award of attorney's fees under 42 U.S.C. § 406(b), which authorizes the grant of a "reasonable" fee in a successful Social Security action.[2] Dkt. 21. The Commissioner has responded.[3] Dkt. No. 22. The motion will be considered on the basis of the submissions without oral argument.

Originally passed in 1965, the effect of § 406(b) is threefold: "it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits, and it requires court approval for whatever amount of fees should be paid." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (cleaned up).

---

[2] Congress has authorized fee awards under both the EAJA (payable by the Government) and under § 406(b) (payable out of a claimant's past-due benefits). However, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee.

[3] The Commissioner has no direct financial stake in the outcome. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (explaining that Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants"). Even so, Social Security can be a convoluted area of law, so the Court relies on the Commissioner to alert it to any discrepancies.

The "court approval" contemplated by § 406(b) is "reasonableness" review, which includes consideration of factors such as: (1) whether the percentage is within the 25% cap; (2) whether there has been fraud or overreaching; (3) whether the requested amount is a windfall to the claimant's attorney; (4) the character and results of the representation; (5) the amount of time spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases. *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021) (cleaned up) (collecting cases); *see also Fields*, 24 F.4th at 854.

Upon review of the submissions in light of the governing law, plaintiff's request for a § 406(b) fee will be granted.[4]  Counsel acted diligently to achieve a favorable result for their client.  This case required agency proceedings, full briefing and a decision in federal court, and more proceedings on remand.

Plaintiff seeks $19,433.25, which results in a *de facto* hourly rate of $665.98.  That is a middling-to-low hourly rate in this area of law. *Fields*, 24 F.4th at 856 & n.10 (approving *de facto* rate of $1,556.98 and collecting cases assessing a range of hourly rates as high as $2,100).  The requested fee does

---

[4]  Plaintiff's counsel admits that this filing is untimely by ten days, since his § 406(b) motion was due on June 29, 2026.  Dkt. No. 21-1 at 7–8.  The Commissioner does not object on this basis, Dkt. No. 22, and, in light of plaintiff's candid acknowledgement and representations as to the circumstances that led to the brief delay, the Court finds "good cause" to excuse the procedural error. *See Sinkler v. Berryhill*, 932 F.3d 83, 89 (2d Cir. 2019) (opining that district court retains discretion "to enlarge that filing period where circumstances warrant").

not exceed twenty-five percent of the past-due benefits, which total $77,733.00. *See* Dkt. No.21-5. And there is no indication that it would amount to a "windfall." Accordingly, the fee is "reasonable."

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees is GRANTED;

2. A fee in the amount of $19,433.25 is AUTHORIZED to be paid from the claimant's past-due benefits; and

3. Plaintiff's attorneys must surrender to plaintiff any fee previously received under the EAJA, which as noted amounted to $7,200.00.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated:  July 16, 2026
        Utica, New York.

- 4 -